UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ISAAC MARTINEZ, | ) | No. CV 13-5555 DOC (FFM) |
| Petitioner, | ) | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |
| v. | ) | |
| RON DAVIS, WARDEN, | ) | |
| Respondent. | ) | |

On or about July 23, 2013, petitioner Isaac Martinez ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). Petitioner challenges a conviction and sentence imposed by the Los Angeles County Superior Court in Case No. VA024361 in 1993.

The Court takes judicial notice of its files with respect to a prior habeas petition (the "Prior Petition") petitioner constructively filed in this Court on or about December 15, 1998 (Case No. CV 98-10310 DT (EE)). The Court notes that the Prior Petition was directed to the same conviction and/or sentence sustained in Los Angeles County Superior Court Case No. VA024361. On May 27, 1999, Judgment was entered in Case No. CV 98-10310 DT (EE) denying the Prior Petition as time-barred and dismissing the action with prejudice.

/ / /

/ / /

1   The Petition now pending is governed by the provisions of the Antiterrorism
2   and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the
3   Act") which became effective April 24, 1996.  Section 106 of the Act amended 28
4   U.S.C. § 2244(b) to read, in pertinent part, as follows:

> "(1) A claim presented in a second or successive habeas corpus
> application under section 2254 that was presented in a prior application
> shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus
> application under section 2254 that was not presented in a prior
> application shall be dismissed unless --
>
> (A) the applicant shows that the claim relies on a new rule of
> constitutional law, made retroactive to cases on collateral review by
> the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been
> discovered previously through the exercise of due diligence; and
>
>   (ii) the facts underlying the claim, if proven and viewed in light of
> the evidence as a whole, would be sufficient to establish by clear and
> convincing evidence that, but for constitutional error, no reasonable
> factfinder would have found the applicant guilty of the underlying
> offense.
>
> (3)(A) Before a second or successive application permitted by this
> section is filed in the district court, the applicant shall move in the
> appropriate court of appeals for an order authorizing the district court
> to consider the application."

Petitioner's prior federal habeas petition was denied on the ground that it was barred by the one-year period of limitation.  A dismissal based on the statute of limitations is considered an adjudication on the merits for purposes of determining whether a subsequent petition is successive under the Act.  *Reyes v.*

*Vaughn*, 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003); *see Plaut v. Spendthrift Farm*, 514 U.S. 211, 228, 115 S. Ct. 1447, 131 L. Ed. 2d 328 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits.") (citing Fed.R.Civ.P. 41(b) and *United States v. Oppenheimer*, 242 U.S. 85, 87–88, 37 S. Ct. 68, 61 L. Ed. 161 (1916)); *Ellingson v. Burlington Northern Inc.*, 653 F.2d 1327, 1330 n.3 (9th Cir. 1981) ("A judgment based on the statute of limitations is 'on the merits.'") (citing *Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir. 1972)).

Therefore, because the Petition now pending challenges the same conviction as petitioner's prior habeas petition in Case No. CV 98-10310 DT (EE), it constitutes a second and/or successive petition within the meaning of 28 U.S.C. § 2244(b). To the extent Petitioner seeks to pursue the same claims he previously asserted, the Petition is barred by the provisions of 28 U.S.C. § 2244(b)(1). To the extent Petitioner seeks to pursue claims not previously asserted, as appears to be the case, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to secure such an order from the Ninth Circuit deprives the Court of subject matter jurisdiction.

///
///
///
///
///
///
///
///

For the foregoing reasons,

IT IS ORDERED that this action be summarily dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 16, 2013

_____
DAVID O. CARTER
United States District Judge

Presented by:

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge